## DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

**I, TOBIAS FIESER, HEREBY DECLARE:**

1. My name is Tobias Fieser.

2. I am over the age of 18 and am otherwise competent to make this declaration.

3. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

4. I am employed by IPP International UG ("IPP"), a company organized and existing under the laws of Germany, in its litigation support department.

5. Among other things, IPP is in the business of providing forensic investigation services to copyright owners.

6. IPP's system has been monitoring the BitTorrent file distribution network for the presence of Malibu Media's copyrighted works since 2011. IPP's forensic software identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute Malibu Media's copyrighted works within the BitTorrent File Distribution Network.

7. IPP tasked me with effectuating, analyzing, reviewing and attesting to the results of this investigation. I have previously provided the same support for Malibu Media in thousands of lawsuits across the United States, and I gave full and complete testimony about the workings of IPP's forensic scan during the "BitTorrent Bellwether Trial" (*Malibu Media v. John Does*, 12-cv-2078, (E.D. Pa. Jan. 3, 2013)).

8. Upon review of IPP's forensic activity logs, I determined that IPP's forensic servers connected to an electronic device using IP Address 67.84.154.98. Consequent to this connection, Defendant's IP Address of 67.84.154.98 was documented distributing to IPP's servers multiple pieces of Malibu Media's copyrighted movie titled Porcelain Doll at exactly

10/2/2017 7:06:55 AM. This time is quoted in Universal Time which correlates to the assignment logs kept by US ISPs tracking which IP Address is assigned to which customer at a given point in time.

9. A digital file can be identified by what is called a "Cryptographic Hash Value." This concept was developed by the United States National Security Agency. IPP's software determined that the file being distributed by Defendant's IP Address of 67.84.154.98 at 10/2/2017 7:06:55 AM has a unique identifier of the Cryptographic Hash of CCD7166A29D274E9DA863410B3F4303A22127113.

10. A full copy of the digital file identified by the Hash of CCD7166A29D274E9DA863410B3F4303A22127113 was downloaded by IPP's software, and I confirmed this file is a digital movie file. I further viewed this file and determined it was substantially similar to Malibu Media's copyrighted movie titled Porcelain Doll.

11. IPP's software is unable to distribute content; it is programmed to only allow it to download files from the BitTorrent Network. At no point did IPP distribute any part of Plaintiff's copyrighted movies at any time.

12. It is theoretically possible to "spoof" an IP Address on the Internet. However, it is not possible to spoof an IP Address within the context of a TCP/IP connection. I verified that a TCP/IP connection was made between IPP's investigative servers and the electronic device using IP Address 67.84.154.98 and that multiple bits were conveyed over this connection. Consequently, it is impossible that another party was "spoofing" the Defendant's IP Address.

13. IPP additionally confirmed through its ancillary worldwide BitTorrent surveillance program that IP address 67.84.154.98 is associated with significant long term BitTorrent use.

FURTHER DECLARANT SAYETH NAUGHT.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on this 3rd day of January, 2018.

**TOBIAS FIESER**

By: _____